PETER KEELER BUILDING COMPANY, Respondent, *v.* E. H. TITCHENER AND COMPANY, Appellant.

Third Department, December 29, 1919.

Master and servant — negligence — Labor Law, section 18 — liability of company using scaffold constructed by another company for such purpose for payment of judgment recovered against said other company on ground that said scaffold was defective — res adjudicata.

Where a building company having a contract with the State for the construction of a building entered into an agreement with another company to erect certain wire guards and in performance of said agreement constructed a scaffold to be used by the other company in the performance of its work, which scaffold collapsed while being so used, seriously injuring an employee of the other company, who, in an action against the building company under section 18 of the Labor Law which the other company was notified to defend, recovered judgment, by which it was determined that the collapse of the scaffold was due to faults in construction rendering it unable to bear the very load for which it was agreed to be built, the building company is not entitled to recover over against the other company for whom it built the scaffold the amount paid by it on the judgment.

The determination in the first action is binding upon both companies so far as the issues decided therein were identical with the issues in the subsequent action by the building company.

The user of a defective scaffold who fails to make a test to discover its defects does not on that account become liable to the builder who creates the defects for the damages which the latter is obliged to pay, for the failure to detect a wrong cannot be a greater fault than the wrong itself.

COCHRANE and WOODWARD, JJ., dissent, with memorandum.

APPEAL by the defendant, E. H. Titchener and Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Albany on the 16th day of October, 1917, upon the verdict of a jury, and also from an order entered in said clerk's office on the 24th day of October, 1917, denying defendant's motion for a new trial made upon the minutes.

*Wilber & Yetter* [*Cortland Wilber* of counsel], for the appellant.

*Robert H. McCormic*, for the respondent.

H. T. KELLOGG, J.:

The plaintiff entered into a contract with the State of New York, whereby for a valuable consideration it agreed

to erect, at the State Fair Grounds near Syracuse, N. Y., a building designated by the contract as the " Poultry Building." Thereafter the plaintiff entered into a contract with this defendant, by which the latter, among other things, agreed to erect certain wire guards under the skylights in the poultry building. The contract was made by two brief letters, one containing an offer by the defendant, and the other containing an acceptance by the plaintiff. The defendant wrote: " We will furnish and erect wire guards under sky-lights (2) and wire work around Duck Pond Pergola as per specifications for above building for the sum of $680.00, except using crimped wire instead of electric welded and 1 in. channel frame. Scaffold to be furnished and erected by you. Drawing to be submitted by us for approval. Wire work to be shipped Aug. 15, 1913, and erected immediately if building is ready for same and all wire work to be painted one shop coat red lead." In answer the plaintiff wrote: " We hereby accept your esti-mate of even date for wire work on Poultry Bldg. State Fair Grounds, Syracuse, N. Y., for $680.00. Payments 50% on delivery, balance within thirty days after completion." The plaintiff thereafter erected a scaffold to be used by the defendant in the performance of its contract. While the wire guards were in the course of erection by laborers of the defendant who were engaged in work upon the scaffold, the scaffold collapsed, with the result that an employee of the defendant, named Perry, was precipitated to the floor below, and was more or less seriously injured. Perry then brought an action against this plaintiff to recover damages for per-sonal injuries, alleged to have been caused by the negligence of the plaintiff. He charged in his complaint that the defendant there, who is the plaintiff here, was guilty of negli-gence " in that defendant used in the construction of said scaffold, materials that were improper, weak, defective, unsafe, rotten, dangerous and weak and not of sufficient strength to withstand the weight that defendant knew would be placed thereon; in that defendant failed and neglected to repair said scaffold and make the same safe; in that defendant employed a dangerous and unsafe method of erecting said scaffold and did not construct the same as is usual, practicable, safe and customary; in that defendant failed and neglected to brace said

scaffold properly; in that defendant intrusted the building of said scaffold to incompetent, inexperienced employees, and failed and neglected to superintend the same; in that defendant carelessly and negligently failed to use and [erect a safe and practical scaffold." The trial judge in that action charged the jury that the case came under section 18 of the Labor Law, which (as amd. by Laws of 1911, chap. 693), provides that " A person employing or directing another to perform labor * * * shall not furnish or erect, or cause to be furnished or erected * * *, scaffolding, * * * which are unsafe, unsuitable or improper," but that if the scaffolding was " safe, suitable and proper for the purposes for which it was erected" there could be no recovery. Upon the issues as thus defined the jury returned a verdict in favor of Perry against this plaintiff, and he recovered a judgment of $7,661.95. The jury, therefore, necessarily decided that this plaintiff negligently erected a scaffolding which was not " safe, suitable and proper for the purposes for which it was erected." The judgment having been affirmed on appeal,* the plaintiff here, who was there defendant, paid the judgment, brought this action to recover over against this defendant, for whom it built the scaffolding, the amount paid by it on the judgment, and has had a verdict therefor.

The reasoning by which counsel for the plaintiff arrives at the conclusion that he is entitled to an affirmance of the judgment entered upon the verdict is difficult to comprehend. He seems to place great reliance upon a term of the original contract between the plaintiff and the State, which, he asserts, was made a part of the contract between these parties. That term reads: " Every contractor arranging to work on scaffolding not furnished by himself shall examine and test same before beginning work, and if insecure shall make same secure, or notify the architect in writing, otherwise he will be held to have accepted the scaffolding and will be responsible for accidents." This provision was, of course, inserted for the purpose of preventing an avoidance of liability by a responsible contractor who might otherwise claim that the defective scaffolding was built by a person other than himself and that

---

* See *Perry* v. *Keeler Building Co.* (165 App. Div. 947).— [REP.

he was thereby relieved.   The contention that the user of a defective scaffolding, who fails to make a test to discover its defects, on that account becomes liable to the builder of the scaffolding, who creates the defects, for the damages which the latter is obliged to pay, is not grounded in good sense. Shorn of elaboration it means that not to detect a wrong is a greater fault than the wrong itself.   Nor does the argument that the defendant by overloading the scaffolding made himself responsible commend itself, when it is remembered that the damages sought to be recovered are those awarded because the scaffolding was insufficient to carry the contemplated load, and, without overloading, fell to the ground. The defendant having been notified by the plaintiff to defend in the Perry action, the determination therein made bound both these parties so far as the issues decided there were identical with the issues decided here.   It was there conclusively determined for the purposes of that action as well as this that the collapse of the scaffolding was due to faults in construction rendering it unable to bear the very load for which it was agreed to be built.   Manifestly that which cannot bear a designed load, and, therefore, falls, cannot be overloaded or fall by reason of the imposition thereon of an excess load over the designed load.   Cases are not infrequent where the owner or user of a dangerous structure is given reimbursement at the hands of the primary wrongdoer who built the structure or made it dangerous, and all the cases cited by the respondent are of this nature.   This, however, is the reverse case of the primary wrongdoer seeking to recover from the innocent user the very damages which he had to pay because he built a scaffolding for a particular use, and the scaffolding was unable through defective design, incompetent workmanship or inferior material to meet that very use.   The cause of action attempted to be alleged was not well grounded and should receive no recognition.

The judgment should be reversed and the complaint dismissed.

All concur, except COCHRANE, J., dissenting, with a memorandum, in which WOODWARD, J., concurs.

COCHRANE, J. (dissenting):

The jury has found that as between the parties to this action the defendant was the primary wrongdoer. That question was not involved in the Perry action. He recovered against the plaintiff herein under the provisions of the Labor Law (§ 18, as amd. by Laws of 1911, chap. 693) imposing on the latter as between itself and Perry the positive duty of building a safe scaffold regardless of the negligence of third parties. As between Perry and this plaintiff it was the duty of said plaintiff to anticipate the overloading of the scaffold by this defendant or other acts of negligence on its part and to protect Perry against the same. The plaintiff could not defend the Perry action on the ground that his employer had been negligent in placing an undue strain on the scaffold. The issue here is entirely different. By the improper use of the scaffold the defendant subjected the plaintiff to a liability for which as between themselves the defendant was primarily responsible.

I, therefore, favor an affirmance of the judgment.

WOODWARD, J., concurs.

Judgment and order reversed, and the complaint dismissed.